IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MAURICIO HERNANDEZ-JIMENEZ**                                   **PETITIONER**

v.                                                            CIVIL ACTION NO. 3:24-cv-689-KHJ-MTP

**WARDEN**                                                            **PETITIONER**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Mauricio Hernandez-Jimenez's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies prior to filing the Petition.

## BACKGROUND

On January 30, 2018, following a guilty plea, Petitioner was sentenced in the United States District Court for the Eastern District of Michigan for conspiracy and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841, 846.

On October 31, 2024, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Petitioner filed the instant Petition under 28 U.S.C. § 2241, arguing that the has earned First Step Act time credit,[1] which the Bureau of Prisons ("BOP") now refuses to apply to his sentence. Respondent filed a Response [6] in Opposition arguing, *inter alia*, that the Petition should be dismissed because Petitioner failed to exhaust administrative remedies prior to filing this action. Petitioner filed no reply.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. §§ 542.13-542.15, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15.

Respondent submitted a declaration from Amy Landers, the paralegal specialist at FCC Yazoo City, along with a copy of Petitioner's "Administrative Remedy Generalized Retrieval." *See* [6-1] at 1-3, 9.  The record demonstrates that on July 29, 2024, Petitioner submitted a request for administrative remedies, which was rejected. *Id*. at 3, 9.  The same day, Petitioner resubmitted his request for administrative remedies. *Id*.  Petitioner's resubmission was accepted, but on September 6, 2024, his request for administrative remedies was denied. *Id*.  According to Landers, Petitioner did not continue the administrative remedies process. *See* [6-1] at 3.  Instead, Petitioner filed this action on October 31, 2024.

It is not enough to initiate the administrative remedies process; an inmate must complete the process. *See Herrera-Villatoro*, 269 Fed. App'x. at 373.  Here, Petitioner did not complete the process by appealing to the Regional Director and, if dissatisfied at that step, appealing to the Office of General Counsel.

Additionally, Petitioner did not file a reply to the Response [6] or otherwise argue that extraordinary circumstances warrant a waiver of the exhaustion requirement, and the record does not demonstrate that a waiver is warranted.  Thus, this action should be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies prior to filing this action.

## CONCLUSION AND RECOMMENDATION

The record shows that Petitioner did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement.  Thus, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 2nd day of June, 2025.

s/ Michael T. Parker
United States Magistrate Judge